I must respectfully dissent. Based upon its conclusion that the lease was terminated in 1986, the trial court's analysis and subsequent conclusions are generally correct. However, I disagree with the initial conclusion. Immediately preceding paragraph 15 in the contract was paragraph 14, which contains the default provisions. Paragraph 14 states:
 "In the event Lessor considers that Lessee has not complied with its obligations hereunder, either express or implied (except payment of any royalties), LESSOR SHALL GIVE LESSEE WRITTEN NOTICE THEREOF DESCRIBING SPECIFICALLY THE RESPECTS IN WHICH THE LESSEE HAS BREACHED THIS LEASE. Lessee shall have thirty (30) days after receipt of such notice within which to cure the breaches alleged by Lessor. Such notice to Lessee shall be precedent to commencement of any action by Lessor for any cause, and no such action shall be commenced until thirty (30) days after Lessee's receipt of such notice. If said breach is not cured within thirty (30) days, the dispute shall be submitted to binding arbitration in Cleveland, Ohio in accordance with the rules and practices of the American Arbitration Association." (Emphasis added.)
This language clearly and unambiguously states that if the lessor believes the lessee has not complied with any of its express obligations under the lease, that the lessor must provide the lessee with written notice and otherwise abide by the provisions set forth in paragraph 14. Paragraph 15(a) specifically sets forth the means by which notice must be served. Filing an affidavit of record pursuant to paragraph 15(b) does not, in itself, comply with the notice provision. It is not appropriate to file an affidavit of record unless and until the requirements of paragraph 14 have been met.
There is no evidence in the record that the Gallaghers complied with the default provisions set forth in paragraph 14 of the lease. It has been established for the record, by an admission, that Curtis never gave RRO written notice of default in accordance with paragraph 14.
It is evident that the lessee's failure to commence drilling the second well potentially constituted a failure to meet an express obligation of the contract. Under the terms of the contract, if the lessor desired to take action, the lessor was required to serve written notice to the lessee specifying the breach and allowing lessee 30 days after receipt of the notice to remedy the situation. Then, if lessee had failed to remedy the situation, the issue was required to be submitted to arbitration pursuant to paragraph 14 of the contract. Under the terms of this contract, only after a favorable ruling in arbitration would it have been appropriate for the lessor to file an affidavit of record indicating the lease was terminated.
In order for the Gallaghers to have terminated the contract in 1986, they needed to comply with the default provisions of the contract in 1986. There is no evidence in the record that they did. Consequently, it does not appear that the contract was terminated in 1986. Therefore, granting summary judgment to Curtis on the basis set forth by the trial court was inappropriate. A question of fact remains as to whether the contract was terminated.
The record does establish that Curtis never complied with the provisions of paragraph 14. In light of these facts, I would remand the matter to the trial court for a trial to determine whether the Gallaghers properly terminated the lease.